**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID J. MCCAULEY,
          Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
CH-3443-14-0099-I-3

DATE: July 8, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>David J. McCauley</u>, Saint Charles, Missouri, pro se.

<u>Kimberly Negley</u>, Saint Louis, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    The appellant filed an appeal alleging that the agency failed to select him for various positions, and the appeal was dismissed without prejudice to allow him an opportunity to exhaust his administrative remedies. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-1, Initial Appeal File (IAF), Tabs 1, 14.[2]  Upon refiling, the appellant clarified that his appeal was limited to the agency's decision not to select him for a Title 38 Medical Support Assistant (MSA) position (vacancy announcement STL-T38H-13-911450), and he alleged that the agency did not properly consider his status as a veteran. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-2, Initial Appeal File (I-2 IAF), Tabs 1, 10.  The agency conceded that it filled the vacancies pursuant to the Master Agreement between the agency and the American Federation of Government Employees, which required the agency to first consider facility-wide candidates. *See* I-2 IAF, Tab 7 at 14, Subtab 4j at 2 ("[F]irst and full consideration shall be given to any best qualified candidates within the facility (or more narrow area).").  There appears to be no dispute that the appellant was not a facility-wide candidate.

¶3    The administrative judge scheduled a status conference to apprise the parties of the Board's decision in *Modeste v. Department of Veterans Affairs*, 121 M.S.P.R. 254 (2014), which held that the agency's reliance on its master labor agreement did not excuse its violation of Mr. Modeste's right to compete under VEOA. *See* I-2 IAF, Tab 13.  During this conference, the agency

---

[2] During the course of the appeal, the appellant raised allegations of reprisal for whistleblowing activity. *See* IAF, Tab 12.  The regional office docketed a separate appeal regarding these allegations and issued an initial decision on June 25, 2015, *see McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-14-0721-W-1, Initial Decision (June 25, 2015).  We deny the appellant's request to join these appeals.

indicated that additional MSA positions became available after the MSA positions at issue in this appeal had been filled. *See* I-2 IAF, Tab 14 at 1. According to the administrative judge:

> The agency further reported that it has made preliminary selections for the additional positions and that due to a clerical error, the Appellant and four other veterans were not included on the certificate used to make the selections. The agency proposed the following as a reconstruction remedy: (1) the agency will hold the preliminary selections in abeyance, (2) a certificate will be created to include the Appellant and the four other veterans, (3) the certificate will be forwarded to the hiring authority, and (4) the Appellant and the four other veterans will be offered interviews. The agency estimated it would take approximately two weeks to initiate the process.

*Id.* The appellant agreed to the agency's proposed reconstruction remedy and to have his appeal dismissed without prejudice. *Id*. at 2. On July 2, 2014, the appeal was dismissed without prejudice for 90 days. *See* I-2 IAF, Tab 15.

¶4 Approximately 50 days later, on August 21, 2014, the appellant filed another appeal, alleging that the agency failed to fulfill its obligations in the reconstructed selection process and that he was interviewed for another position at a lower pay grade. *See McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-3, Initial Appeal File (I-3 IAF), Tab 1. The administrative judge issued an initial decision noting the following: (1) the appellant was interviewed for an MSA position; (2) he was informed that he had been selected for one of the MSA positions; (3) he declined the offer; and (4) the details of the offered position were the same as one of the positions for which he initially had applied. I-3 IAF, Tab 9, Initial Decision (ID). The administrative judge found that the agency complied with all of its obligations under the agreed-upon reconstruction remedy and that the appellant was therefore provided with a lawful selection process. *See* ID at 6-7. The administrative judge denied the appellant's request for corrective action, finding that he was not denied a meaningful opportunity to compete for the MSA position and he did not

demonstrate that his nonselection violated one or more of his statutory or regulatory veterans' preference rights.  *See* ID at 7-8.

¶5        The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  *See* Petition for Review (PFR) File, Tabs 1-2, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        On petition for review, the appellant alleges, among other things, that the selection process was not properly reconstructed, and he challenges the administrative judge's conclusion that he was offered the same position that was advertised in the original vacancy announcement.  PFR File, Tab 1 at 1-3.  He also asserts that the agency has "an integrity issue."  *Id.* at 2.

¶7        An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Other than noting that an unsuccessful applicant may challenge a nonselection as a violation of his veterans' preference rights, *see* IAF, Tab 2, the administrative judge did not give the appellant adequate notice of the jurisdictional requirements for a veterans' preference appeal or a right to compete appeal,[3] *see, e.g.*, *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (explaining how to establish Board jurisdiction over a veterans' preference appeal brought pursuant to 5 U.S.C. § 3330a(a)(1)(A)); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010) (explaining how to establish Board

---

[3] The agency discussed the jurisdictional burden in a veterans' preference appeal in its submission on jurisdiction and motion to dismiss, IAF, Tab 11 at 6-7, and the Board has held that such notice could cure the administrative judge's error in this regard, *see, e.g.*, *Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388-89 (1996).  We conclude, however, that the agency's discussion of the jurisdictional burden does not constitute sufficient jurisdictional notice to cure the administrative judge's error because the appeal was subsequently dismissed without prejudice pursuant to the parties' agreed-upon reconstruction remedy, and it does not appear that the appellant was on notice that he still had to prove that the Board has jurisdiction over the appeal.

jurisdiction over a "right to compete" appeal under 5 U.S.C. § 3330a(a)(1)(B)). Therefore, we vacate the initial decision and remand the appeal for the administrative judge to give proper jurisdictional notice for a veterans' preference appeal and a right to compete appeal.

¶8     We wish to make one point of clarification if the administrative judge finds that the Board has jurisdiction over the appeal on remand. The administrative judge stated in the initial decision that "the only remaining issue is whether the [agency] has fully complied with its obligations under the reconstruction remedy agreed upon by all parties." ID at 6. Even if the agency complied with each of the terms of the parties' agreed-upon reconstruction remedy,[4] the administrative judge must still determine whether, through the agency's reconstructed selection process, the appellant received all the relief to which he would have been entitled if he had prevailed on his VEOA claim before the Board. *See Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶¶ 14-20 (2010) (concluding that the agency's "hypothetical" reconstructed selection process did not give the appellant an opportunity to compete because the agency did not remove the original selectees, the members of the reconstructed selection board were not the original selection board members, and it was not clear how many positions had been filled); *see also Wheeler v. Department of Defense*, 113 M.S.P.R. 376, ¶ 18 (2010) (finding that, because the appellant's assertions that the agency violated his right to compete during the reconstructed hiring process were without merit, he had obtained all of the relief he could have obtained had he prevailed on his VEOA claim before the Board).

---

[4] We do not consider the parties' apparent agreement, memorialized in an order from a status conference, *see* I-2 IAF, Tab 14, to be a settlement agreement that resolves the initial appeal because the administrative judge did not make a finding of Board jurisdiction, and there is no discussion of the voluntariness of the agreement and/or the parties' intent that the agreement be enforceable by the Board. This conclusion is buttressed by the fact that the administrative judge did not dismiss the appeal in MSPB Docket No. CH-3443-14-0099-I-2 as settled, and she did not treat the appellant's matter in MSPB Docket No. CH-3443-14-0099-I-3 as a compliance appeal.

¶9      The appellant raises concerns below and on petition for review that the position for which he was interviewed and subsequently selected was not the same position for which he originally had applied.  *See* I-3 IAF, Tabs 1, 3; *see also* PFR File, Tab 1.  Even if the Board had jurisdiction over the appeal, the record is insufficiently developed for us to resolve whether, through the agency's reconstructed selection process, the appellant obtained all of the relief he could have obtained had he prevailed on his VEOA claim before the Board.  If the administrative judge determines that the Board has jurisdiction over the appeal on remand, she shall evaluate this issue in the first instance.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for jurisdictional notice and further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.